**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 6, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

BRENDA D. STEVENSON,

    Defendant - Appellant.

No. 12-6218

(D.C. No. 5:11-CR-00294-D-1)
(W. D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to honor the parties' request for a decision on the briefs without oral

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is,

therefore, submitted without oral argument.

Brenda D. Stevenson appeals her convictions on four counts of

embezzlement under 18 U.S.C. § 656.  Stevenson asserts that the government

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

lacked sufficient evidence for a reasonable jury to find her guilty beyond a reasonable doubt. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

I

From 2008 to 2009, Stevenson was a branch manager at Bank of the West in Oklahoma City. R. Vol. 3, at 4. In late 2009, a Bank of the West customer noticed that an unauthorized $11,000 withdrawal was made on April 10, 2009, from his certificate of deposit account. Id. at 4-5. The customer notified the bank of the improper withdrawal, and an internal bank auditor began investigating certificate of deposit accounts. Id. During this audit, three additional improper withdrawals, made in May 2009, were discovered for $5,000, $2,000, and $10,000. Id. at 5. All four transactions indicated Stevenson's employee identification number as the withdrawing bank employee, and the April 10 teller tape listed Stevenson's employee identification number on a cash-out withdrawal for $11,000. R. Vol. 4, at 18-19, 30, 34, 37, 44. On September 6, 2011, a federal grand jury indicted Stevenson on four counts of embezzlement in violation of 18 U.S.C. § 656. R. Vol. 1, at 6-7. And, on January 11, 2012, a jury found her guilty on all counts. Id. at 14. On July 23, 2012, the district court sentenced Stevenson to imprisonment for twelve months and one day for each count, which it ordered she serve concurrently, followed by two years of supervised release. Id. at 15-17.

2

II

We review de novo whether the government presented sufficient evidence to support a conviction. United States v. Dunmire, 403 F.3d 722, 724 (10th Cir. 2005). When reviewing the sufficiency of the evidence, we view the facts in evidence in the light most favorable to the government, but do not weigh conflicting evidence or second guess the fact-finding decisions of the jury. United States v. Bagby, 696 F.3d 1074, 1080 (10th Cir. 2012). Our determination turns on "whether a reasonable jury could find guilt beyond a reasonable doubt, based on the direct and circumstantial evidence, together with the reasonable inferences to be drawn therefrom." United States v. Summers, 414 F.3d 1287, 1293-94 (10th Cir. 2005) (quotation omitted). "[W]e evaluate the sufficiency of the evidence by considering the collective inferences to be drawn from the evidence as a whole." United States v. Nelson, 383 F.3d 1227, 1229 (10th Cir. 2004) (quotation omitted). While "a conviction cannot be sustained if obtained by 'piling inference on inference,'" proof beyond a reasonable doubt may be established, "in whole or in part, through the use of circumstantial evidence open to interpretation by the jury." Summers, 414 F.3d at 1294-95 (quoting Dunmire, 403 F.3d at 724). Sufficient evidence "raise[s more than] a mere suspicion of guilt." Dunmire, 403 F.3d at 724 (quotation omitted).

III

Stevenson asserts that the government failed to present sufficient evidence

3

at trial to support her conviction for four counts of embezzlement in violation of 18 U.S.C. § 656. A conviction under § 656 "requires the government to prove that (1) the defendant was a bank officer or director (2) of a national or federally insured bank (3) from which the defendant willfully misapplied[, or embezzled,] funds and (4) that the defendant acted with intent to injure or defraud the bank." United States v. Flanders, 491 F.3d 1197, 1208 (10th Cir. 2007). Stevenson contests the third element, that she embezzled the funds.

Stevenson claims that the evidence "[a]t best, . . . raised only a mere suspicion of guilt" because "[n]o surveillance video from the bank showed who made the . . . withdrawals," no electronic record established that she made the withdrawals, and "[n]o one testified that . . . [she] took the money." Aplt. Br., at 16, 22. She goes on to cite numerous portions of the record that she argues demonstrate the lack of sufficient evidence for a conviction. Specifically, she cites coworkers' testimony that "a good way" to embezzle money would be to use a different employee's identification number, which, she argues, could easily be obtained. Id. at 17, 20 (discussing the possibility that another employee could have obtained Stevenson's identification number from her Rolodex); R. Vol. 4, at 167. She hypothesizes about her coworkers' possible motives to use her employee identification number, such as financial troubles and a subordinate's desire to obtain her managerial position. Id. at 20. She also cites ambiguity regarding one transaction on April 10, 2009, where $8,533.03 was sold from

4

Stevenson's employee identification number to an unknown employee identification number designated teller number 2. Id. at 7, 20-21; R. Vol. 4, at 79-80. She emphasizes that her role as bank supervisor meant she was often conducting business outside the bank and, as a salaried employee, did not maintain a timecard. Accordingly, she asserts, there was no evidence that she was at the bank on the dates of the improper withdrawals. Aplt. Br., at 6. In fact, she claims, the evidence establishes that she was not at the bank on the withdrawal dates. Id. at 17-18 (citing bank records showing that Stevenson went to Oklahoma City, the bank's location, Moore, and Frederick, Oklahoma on one of the withdrawal dates). Moreover, she points to evidence that three of her coworkers were at the bank on three of the four withdrawal dates. Id. at 19. These unresolved ambiguities, Stevenson argues, require that her convictions be vacated.

Stevenson's argument is unpersuasive. The record more than adequately supports the jury's finding that she embezzled bank funds on four occasions. The government offered the following evidence: all the withdrawals were processed under Stevenson's employee number; Stevenson deposited a total of $24,159.99 into her personal bank account during this period, and, on three of the four withdrawal dates, she deposited amounts slightly less than the amount embezzled on the date of withdrawal; a coworker identified her handwriting on the first two withdrawals, which were approved by "B. Stevenson"; and, finally, Stevenson

5

lived beyond her means during the relevant time period, gambling at least $72,690 at a local casino during April, May, and June of 2009. R. Vol. 4, at 18-19, 30, 34, 37, 44, 110, 204-06, 233-35; R. Vol. 2, at 65, 81.

Viewing the evidence as a whole, the reasonable inference, "flow[ing] from logical and probabilistic reasoning," is that Stevenson embezzled the funds. Summers, 414 F.3d at 1295. While Stevenson has "offered an elaborate explanation for everything," we do not "'weigh conflicting evidence or second-guess the fact-finding decisions of the jury'" when reviewing the sufficiency of the evidence. United States v. Irving, 665 F.3d 1184, 1195 (10th Cir. 2011) (quoting United States v. Sells, 477 F.3d 1226, 1235 (10th Cir. 2007)). The jury found Stevenson guilty of four counts of embezzlement and the record is more than adequate to support those findings.

IV

Accordingly, we AFFIRM Stevenson's convictions on four counts of embezzlement.

Entered for the Court

Mary Beck Briscoe
Chief Judge

6